UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:15-CV-275 CAS |
| v. ) | |
| ) | |
| JOSE INES RUBALCAVA GONZALES, ) | |
| ) | |
| Defendant. ) | |

# ORDER

This matter is before the Court on the motion of plaintiff's appointed counsel Ms. Martha Charepoo for compensation of attorney's fees and out-of-pocket expenses expended in representing plaintiff. Counsel seeks reimbursement from the Attorney Admission Fee Non-Appropriated Fund for attorney's fees in the total amount of $2,500.00 and out-of-pocket expenses in the amount of $769.50. Counsel's request is accompanied by a billing log showing work performed and time expended, a bill for a deposition transcript and proof of payment thereof, and a Google Maps printout showing mileage between St. Louis and Springfield.

All applications for disbursement of funds from the Attorney Admission Fee Non-Appropriated Fund are governed by Local Rules 12.03 and 12.06, the Administrative Order of May 5, 2010 concerning the Attorney Admission Fee Non-Appropriated Fund, and the Regulations Governing the Disbursement of Funds from the Non-Appropriated Fund for Attorney's Fees and Out-of-Pocket Expenses Incurred by Attorneys Appointed to Represent Indigent Parties in Civil Proceedings Pursuant to 28 U.S.C. § 1915(e), dated May 5, 2010 (the "Regulations"). The applicable Regulations provide that the maximum reimbursement for attorney's fees in any one case is two thousand five hundred dollars. See Regulations, §§ B.2, D.

The Regulations also provide that the "costs of transcripts or depositions shall not exceed the regular original page and copy rate established by the Judicial Conference of the United States in effect at the time any transcript was filed or deposition was taken[.]" Regulations, § E.1. The documentation submitted by plaintiff's counsel does not indicate a deposition page rate and therefore the Court cannot determine whether the entire deposition cost is allowable.

In addition, although travel by privately owned automobile may be claimed at the rate currently prescribed for federal judiciary employees, see Regulations, § E.2., counsel's motion for fees and expenses does not include any information as to why travel was necessary in this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's counsel shall promptly supplement her request for compensation of services and reimbursement of out-of-pocket expenses by providing (1) information as to the per-page cost of the deposition transcript, and (2) a statement as to why travel to Springfield was necessary in this case.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  20th  day of June, 2016.